# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARK WALTERS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. _____<br>OpenAI, L.L.C., )<br>)<br>Defendant. )<br>) | |

## NOTICE OF REMOVAL

Defendant OpenAI, L.L.C. ("OpenAI" or "Defendant"), through its undersigned counsel, hereby removes Case No. 23-A-04860-2, filed in the Superior Court of Gwinnett County, State of Georgia (the "State Court Action"), to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) based on complete diversity of citizenship under 28 U.S.C. § 1332(a)(1). Defendant submits this "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a), and states the following in support:

**I.    THE REMOVED CASE.**

1.    On or about June 5, 2023, Plaintiff Mark Walters ("Plaintiff") filed a complaint against OpenAI in the Superior Court of Gwinnett County, State of

1

Georgia, as Case No. 23-A-04860-2 (the "Complaint"). A copy of the Complaint is attached to this Notice as part of Exhibit A.

2. OpenAI was purportedly served with a copy of the Complaint on or about June 14, 2023.

3. Copies of all process, pleadings, and orders filed in the Superior Court of Gwinnett County, State of Georgia, are attached to this Notice as Exhibit A. The Case Docket is attached to this Notice as Exhibit B.

4. To OpenAI's knowledge, no hearings or other proceedings have taken place in this action.

5. OpenAI now timely and properly removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based on diversity of citizenship.

6. The Complaint alleges that OpenAI is liable for libel as a result of content generated by a third-party journalist while using OpenAI's ChatGPT software. *See* Compl. ¶¶ 8–37. Plaintiff seeks general damages, punitive damages, and attorneys' fees and costs. *See id.* ¶¶ 38–40.

7. OpenAI has not pleaded, answered, or otherwise appeared in the State Court Action.

## II. THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. This Court has diversity jurisdiction over this matter because complete diversity exists, the amount in controversy exceeds $75,000 exclusive of interests and costs, and OpenAI is not a citizen of Georgia. *See* 28 U.S.C. §§ 1332 and 1441.

### A. There is Complete Diversity Between the Parties.

9. There is complete diversity of citizenship between the parties in this case:

   a. Plaintiff is a resident of and domiciled in Georgia and is therefore a citizen of Georgia for diversity purposes. Compl. ¶ 1.

   b. OpenAI is organized under the laws of the State of Delaware and maintains its principal place of business in California. Therefore, OpenAI is a citizen of Delaware and California, but not Georgia, for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

   c. There are no other named plaintiffs or defendants.

10. Because complete diversity of citizenship exists, this action is removable. *See* 28 U.S.C. §§ 1332(a)(1); 1441(a).

### B. The Amount-in-Controversy Requirement Is Satisfied.

11. When, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

12. Plaintiff failed to allege a specific amount in controversy in the Complaint, but Plaintiff's allegations concerning the categories of damages and monetary relief sought make clear that Plaintiff is seeking in excess of $75,000, exclusive of interests and costs.[1] *See* Compl. ¶¶ 38–40 (seeking general damages, punitive damages, and attorneys' fees). Accordingly, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84.

13. This Court, therefore, has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] By removing this action to this Court, OpenAI does not concede that it has any liability at all to Plaintiff, let alone liability greater than $75,000. *See, e.g., Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("The amount in controversy is not proof of the amount the plaintiff will recover." (internal quotation marks and citation omitted)); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."). Rather, the amount in

## III. DEFENDANT HAS SATISFIED ALL PROCEDURAL REQUIREMENTS OF REMOVAL.

14. Removal to the United States District Court for the Northern District of Georgia is proper because it embraces the Superior Court of Gwinnett County, State of Georgia, where this action was pending before removal. *See* 28 U.S.C. §§ 90(a)(2); 1441(a); 1446(a).

15. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this original Notice of Removal was timely filed within 30 days of June 14, 2023, which is the date of purported service of the Complaint on OpenAI. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

16. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on OpenAI as of the date of the Notice of Removal are attached collectively as Exhibit A.

17. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").

---

controversy "is an estimate of the amount that will be put at issue in the course of the litigation," not an assessment of the defendant's liability. *Anderson*, 943 F.3d at 925 (internal quotation marks and citation omitted); *see also, e.g., Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (same) (collecting cases).

18. Pursuant to 28 U.S.C. § 1446(d), OpenAI will promptly provide written notice of this Notice of Removal to Plaintiff's counsel and the state court where the action was pending before removal.

19. By removing the action to this Court, OpenAI does not waive any defects in the process or service of process in this matter, nor any defenses that are available to it under state or federal law.[2] OpenAI expressly reserves all threshold defenses to this action and its right, for example, to move to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56.

20. OpenAI reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant, OpenAI, L.L.C., removes this action from the Superior Court of Gwinnett County, State of Georgia, to the United States District Court for the Northern District of Georgia.

---

[2] OpenAI did not waive service and does not concede that personal jurisdiction is proper.

Dated: July 14, 2023

Respectfully submitted,

DLA Piper LLP (US)

By: */s/ Brendan Krasinski*
Brendan Krasinski
Georgia Bar No. 159089
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
Tel.: (404) 736-7861
Fax: (404) 682-7831
brendan.krasinski@us.dlapiper.com

Ilana H. Eisenstein, *pro hac vice* forthcoming
Marie Bussey-Garza, *pro hac vice* forthcoming
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Tel.: (215) 656-3300
Fax: (215) 656-3301
ilana.eisenstein@us.dlapiper.com
marie.bussey-garza@us.dlapiper.com

Peter Karanjia, *pro hac vice* forthcoming
500 Eighth Street, NW
Washington, DC 20004
Tel.: (202) 799-4000
Fax: (202) 799-5000
peter.karanjia@us.dlapiper.com

Danny Tobey, *pro hac vice* forthcoming
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4500
Fax: (214) 743-4545
danny.tobey@us.dlapiper.com

Ashley Allen Carr, *pro hac vice* forthcoming
303 Colorado Street, Suite 3000

Austin, TX 78701  
Tel.: (512) 457-7000  
Fax: (512) 457-7001  
ashley.carr@us.dlapiper.com

*Attorneys for Defendant OpenAI, L.L.C.*

# CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of July 2023, I electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all attorneys of record. I have also this day served all parties or their counsel of record with a copy the foregoing Notice of Removal by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage affixed thereon addressed to:

> John R. Monroe
> John Monroe Law, P.C.
> 156 Robert Jones Road
> Dawsonville, GA 30534

Dated: July 14, 2023

> By: */s/ Brendan Krasinski*
> Brendan Krasinski