IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARK WALTERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-CV-03122-MLB |
| | ) | |
| OPENAI, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF ON ORDER TO SHOW CAUSE

On August 7, 2023, the Court *sua sponte* ordered Defendant to show cause why this diversity case should not be remanded to state court for lack of subject matter jurisdiction. The Court also ordered Plaintiff to respond to Defendant's filing. On August 21, 2023, Defendant filed a brief purporting to show cause why the case should not be remanded. Doc. 22. Plaintiff files this brief in response.

Applicable Law

A defendant in a state court action may, under certain circumstances, remove the action to federal court. 28 U.S.C. § 1441. As applicable in the present case, a case is not removable if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action was brought. 28 U.S.C. § 1441(b)(2). In addition, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

1

A corporation is deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A limited liability company is deemed to be a citizen of any state in which a member of the company is a citizen.  *Rolling Green MHP v. Comcast Sch. Holdings,* 374 F.3d 1020. 1022 (11th Cir. 2004).  A party removing a case to federal court based on diversity of citizenship bears the burden of pleading citizenship and, if jurisdiction is challenged, bears the burden of proving it.  *Id.*  In order to bear that burden, the removing party must list the citizenship of all the members of limited liability companies establishing citizenship of the parties.  *Id.*

Argument

Plaintiff, an individual, is a citizen of the State of Georgia.  Doc. 1-1, ¶ 1; Amend. IV, § 1.  Defendant is a limited liability company, organized under the laws of the State of Delaware with a principal place of business in California.  Doc. 1-1, ¶¶ 2, 3.  Thus, Defendant is a citizen of Delaware and California.  28 U.S.C. § 1332(c)(1).  As a limited liability company, Defendant also is a citizen of every state where any of its members are citizens.

On July 21, 2023, Defendant filed a "Notice of Member Citizenship," [Doc. 11], in which it averred that its sole member is OpenAI OpCo, L.L.C. ("OAIOC").  Defendant did not state where OAIOC is organized, where its principal place of

business is, nor who *its* members are and where they are citizens.  Thus, Defendant failed to carry its burden of alleging its citizenship.  Moreover, Defendant stated in its Certificate of Interested Persons [Doc. 3] that Microsoft Corporation owns greater than 10 % of Defendant.  Defendant also stated in Doc. 3 that OpenAI, Inc. ("OAII") is the "ultimate parent of [Defendant]."

Plaintiff has no independent insight into the layers of ownership of Defendant and its affiliates.  Plaintiff observes, however, that the words "owner" and "member" of a limited liability company are generally interchangeable.  It is not clear, therefore, how Microsoft Corporation can be a greater than 10% owner of Defendant without also being a member of Defendant.  But Defendant did not list Microsoft Corporation as a member.  Defendant's response to this Court's Order again does not list Microsoft Corporation as a member.  Because Defendant appears to draw a distinction between an "owner" and a "member," Plaintiff cannot address whether there may be other persons that are "owners" of Defendant and therefore ought to be counted as "members.

Finally, in two instances in Defendant's Response, Defendant states that there are unnamed other "members" who are not citizens of Georgia.  Doc. 22, p. 5 ("Members who are citizens of California and Michigan, or are citizens of other countries" and "members are citizens of Alaska, Arizona, California, Colorado,

Connecticut, the District of Columbia, Delaware, Florida, Illinois, Massachusetts, Maryland, Michigan, North Dakota, New Jersey, Nevada, New York, Oregon, Pennsylvania, Texas, Virginia, and Washington, or are citizens of other countries, but not Georgia.")  Because Defendant did not identify these other members, Plaintiff cannot comment on the citizenship of these other members, other than to say that Defendant's filing probably does not constitute proof of diversity of citizenship.

Plaintiff agrees that the amount in controversy exceeds $75,000.

_____/s/ John R. Monroe_____
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
State Bar No. 516193
678-362-7650
jrm@johnmonroelaw.com
Attorneys for Plaintiff