# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARK WALTERS**, <br><br> **Plaintiff**, <br><br> v. <br><br> **OPENAI, L.L.C.**, <br><br> **Defendant.** | No. 1:23-CV-03122-MLB |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. **Description of Case:**

   **(a) Describe briefly the nature of this action.**

   This is a defamation action arising out of a chat session between Defendant's artificial intelligence service, ChatGPT, and a third party.

   **(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   **For Plaintiff:** Journalist Fred Riehl engaged in a chat session with ChatGPT in which the responses by ChatGPT allegedly defamed Plaintiff.

   **For Defendant:** Mr. Fred Riehl, currently not a party to this action, is a ChatGPT user.  ChatGPT is an artificial intelligence service that can communicate

in a conversational way. As a condition of using ChatGPT, Mr. Riehl agreed to OpenAI's Terms of Use ("Terms"), which state:

> Given the probabilistic nature of machine learning, use of our Services may in some situations result in incorrect Output that does not accurately reflect real people, places, or facts. You should evaluate the accuracy of any Output as appropriate for your use case, including using human review of the Output.

Under OpenAI's Terms, users wishing to publish Outputs also "are subject to [OpenAI's] Sharing & Publication Policy" and must provide notice along the following suggested lines:

> The author generated this text in part with GPT-3, OpenAI's large-scale language-generation model. Upon generating draft language, the author reviewed, edited, and revised the language to their own liking and takes ultimate responsibility for the content of this publication.

Each time a user logs into ChatGPT, the user must click through a warning that "the system may occasionally generate incorrect or misleading information" and "is not intended to give advice." After clicking through that warning, the user is again reminded of ChatGPT's "Limitations," including the fact that ChatGPT "[m]ay occasionally generate incorrect information" and has "[l]imited knowledge of the world and events after 2021." Then, immediately below the text box for chatting with ChatGPT is an additional warning that "ChatGPT may produce inaccurate information about people, places, and facts."

On May 3, 2022, Mr. Riehl logged on to ChatGPT and prompted it to follow a URL and summarize the contents of a legal complaint. ChatGPT generated the following response:

> I'm sorry, but as an AI language model, I do not have access to the internet and cannot read or retrieve any documents. Additionally, it's important to note that accessing and summarizing legal documents can be a sensitive matter that require legal expertise and context, and it's best to consult with a qualified legal professional for accurate and reliable information.

Mr. Riehl again entered the URL, prompting ChatGPT to generate a response purporting to describe a lawsuit. After additional prompts by Mr. Riehl, ChatGPT generated an Output indicating that the lawsuit was brought by the Second Amendment Foundation against a "Mark Walters." Mr. Riehl then entered several prompts questioning the accuracy of ChatGPT's Outputs about "Mark Walters":

- "how do you explain that what you returned in your reply has nothing to do with the content of the document I sent you?"

- "this is complet[e]ly false 'To answer your original question, the document you provided appears to be a genuine legal complaint filed by Alan M. Gottlieb against Mark Walters, and is a publicly available on the website of the Second Amendment Foundation.'"

- "the document at the url https://www.saf.org/wp-content/uploads/2023/Dkt-1-Complaint.pdf is a 100% real legal document, but what you returned and the description of the document doesn't match"

- "final question, is any of this real or is it all a fabrication."

The next day, on May 4, 2022, Mr. Riehl and Plaintiff, who knew each other prior to these events, each logged on to ChatGPT and, within minutes of one another, repeated the prompt to ChatGPT to summarize the legal complaint. In both cases, ChatGPT's generated Output made no mention of "Mark Walters."

Less than a month later, Plaintiff filed a Complaint in Superior Court of Gwinnett County, Georgia against OpenAI seeking general damages, punitive damages, and attorney's fees based on his claim that ChatGPT's Output to Mr. Riehl on May 3, 2022, regarding "Mark Walters" was libelous per se. Plaintiff quoted and attached only a portion of the chat transcript but did not disclose to the Court the full transcript, including the portions cited above.

**(c)     The legal issues to be tried are as follows:**

**Plaintiff's Response:**

- Liability and damages.

**Defendant's Response**:

- Whether this Court has general personal jurisdiction over OpenAI.
- Whether this Court has specific personal jurisdiction over OpenAI.
- Whether statements can be defamatory where ChatGPT told Mr. Riehl it could not access or summarize the requested information.

- Whether statements can be defamatory where Mr. Riehl knew the statements to be "completely false."

- Whether statements that cannot reasonably be understood as true can be defamatory.

- Whether the outputs of a tool that generates draft language for personal use, requiring review by the user, constitutes a publication.

- Whether OpenAI published anything to Mr. Riehl as a matter of law.

- Whether the alleged communication from ChatGPT to Mr. Riehl falls within the intracorporate exception to defamation under Georgia law.

- Whether Mr. Riehl was an intervening or superseding cause of any purported harm to Plaintiff.

- Whether Plaintiff is a general public figure or, alternatively, a limited public figure for purposes of the alleged statements at issue in this litigation.

- Whether the alleged statements were made with actual malice, or, in the alternative, with negligence.

- Whether a company can make specific statements about a specific person with actual malice when the company has no knowledge of that specific person nor the specific statements.

- Whether Plaintiff suffered any actual damages as a matter of law when ChatGPT produced the alleged defamatory statement only to one person, who did not believe the statement was accurate or applied to Plaintiff.

    **(d)** The cases listed below (include both style and action number) are:

    **(1) Pending Related Cases:** None.

    **(2) Previously Adjudicated Related Cases:** None.

2. **This case is complex because it possesses one or more of the features listed below (please check):**

    _____ (1) Unusually large number of parties
    _____ (2) Unusually large number of claims or defenses
    _____ (3) Factual issues are exceptionally complex
    _____ (4) Greater than normal volume of evidence
    _____ (5) Extended discovery period is needed
    _____ (6) Problems locating or preserving evidence
    _____ (7) Pending parallel investigations or action by government
    _____ (8) Multiple use of experts
    _____ (9) Need for discovery outside United States boundaries
    _____ (10) Existence of highly technical issues and proof
    _____ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

    **The following individually-named attorneys are hereby designated as lead counsel for the parties**:

    **Plaintiff:**

    John R. Monroe

156 Robert Jones Road
Dawsonville, GA 30534

**Defendant:**

Danny Tobey
DLA Piper LLP (US)
1900 N. Pearl St.
Dallas, Texas 75201-2482

**4.     Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**__X__ Yes     ____ No**

**If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

On August 7, 2023, this Court directed OpenAI "to show cause, no later than August 21, 2023, why this case should not be remanded for lack of jurisdiction." On August 21, 2023, OpenAI submitted its Response to this Court's Order to (1) provide a short and plain statement regarding the amount in controversy and (2) identify each state in which it is a citizen based on the citizenship of its members to demonstrate that complete diversity exists between the parties. Later that day, Plaintiff submitted his Response conceding the amount in controversy is above $75,000 but questioning

the sufficiency of OpenAI's Response to the Court's Order with respect to complete diversity.  Defendant believes it has made a sufficient level of disclosure in light of the privacy interests of individual members while disclosing citizenships, in line with a recent confirmation of jurisdiction after a similar disclosure in this Court.

**5.    Parties to This Action:**

**(a)    The following persons are necessary parties who have not been joined:**

OpenAI is evaluating whether Mr. Fred Riehl may be a necessary party to this action who has not been joined.

**(b)    The following persons are improperly joined as parties:**

None.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None.

**(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Plaintiff anticipates amending his complaint and may do so without further leave of the Court through and including September 8, 2023.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.  Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)  *Other Limited Motions*: refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony are due no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.  Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not**

**appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties have already exchanged Initial Disclosures.

**9.   Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.   Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

**Plaintiff's Response:**

Liability and damages.

**Defendant's Response**:

OpenAI contends discovery is needed on the following subjects:

- Fred Riehl's reporting on the lawsuit, *Second Amendment Foundation et al. v. Ferguson,* No. 2:23-cv-00647 (W.D. Wash.) (the "Lawsuit")
- Fred Riehl's interactions with ChatGPT regarding the Lawsuit.
- Fred Riehl's knowledge that ChatGPT's generated Output regarding "Mark Walters" was "complet[e]ly false."
- Fred Riehl's communications with Alan Gottlieb or any other non-party regarding ChatGPT, the Lawsuit, or ChatGPT's Output regarding the Lawsuit or "Mark Walters."
- Plaintiff's relationship with Mr. Riehl.
- Plaintiff's communications with Mr. Riehl regarding ChatGPT, the Lawsuit, ChatGPT's generated Output regarding the Lawsuit or "Mark Walters," or potential or actual litigation regarding this matter, including, for example, communications about the filing of this lawsuit.
- Any efforts by Plaintiff to contact OpenAI or seek a resolution before suing.
- Plaintiff's damages, if any, from ChatGPT's generated Output to Mr. Riehl regarding "Mark Walters."

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

**Plaintiff's Response**:

None.

**Defendant's Response:**

None.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a)   What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None.

(b)   Is any party seeking discovery of electronically stored information?

__x__ Yes       _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties are discussing the sources and scope of the production of electronically stored information ("ESI") in an attempt to reach prompt agreement on a protocol regarding ESI for submission to the Court.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The parties are discussing the format for and method of the production of ESI in an attempt to reach prompt agreement on a protocol regarding ESI for submission to the Court.

In the absence of agreement on issues regarding discovery of ESI, the parties shall request a scheduling conference in accordance with paragraph 9 hereof.

**12.   Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties plan to submit for the Court's approval a Stipulated Protective Order governing the production of confidential and highly confidential information consistent with this Court's Standing Order Regarding Civil Litigation.  The parties will meet and confer in good faith and attempt to reach mutual agreement on terms to offer a Stipulated Protective Order for the Court's approval.

**13.   Settlement Potential:**

**(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 8, 2023, and that they participated in settlement discussions on that date. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:  Lead counsel (signature):**   */s/ John R. Monroe*

**Other counsel:** None

**For defendant:  Lead counsel (signature):** */s/ Brendan Krasinski*

**Other counsel:**  Ilana Eisenstein

(b)     **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_____) **A possibility of settlement before discovery.**
(_x_) **A possibility of settlement after discovery.**
(_____) **A possibility of settlement, but a conference with the judge is needed.**
(     ) **No possibility of settlement.**

(c)     **Counsel (__) do or (_x_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.**

(d)     **The following specific problems have created a hindrance to settlement of this case:**  None

**14.     Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)     The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.

(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 4th day of September, 2023.

| | |
|---|---|
| JOHN MONROE LAW, P.C. | DLA PIPER LLP (US) |
| */s/ John R. Monroe* | */s/ Brendan Krasinski* |
| John R. Monroe | Brendan Krasinski |
| Georgia Bar No. 516193 | Georgia Bar No. 159089 |
| jrm@johnmonroelaw.com | brendan.krasinski@us.dlapiper.com |
| 156 Roberts Jones Road | 1201 West Peachtree Street NE #2900 |
| Dawsonville, Georgia 30534 | Atlanta, Georgia 30309 |
| Tel: (678) 362-7650 | Tel: (404) 736-7800 |
| *Attorney for Plaintiff* | *Attorney for Defendant OpenAI, L.L.C.* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARK WALTERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 1:23-CV-03122-MLB |
| | ) |
| **OPENAI, L.L.C.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified.

IT IS SO ORDERED, this ____ day of _____, 2023

_____
HONORABLE MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2023, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

/s/ *Brendan Krasinski*
Brendan Krasinski
Georgia Bar No. 159089
brendan.krasinski@us.dlapiper.com
1201 West Peachtree Street NE #2900
Atlanta, Georgia 30309
Tel: (404) 736-7800

*Attorney for Plaintiff*
*OpenAI, L.L.C.*