**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **MARK WALTERS,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **OpenAI, L.L.C.,** ) | |
|     **Defendant.** ) | Civil Action No. 1:23-CV-03122-MLB |

**AMENDED COMPLAINT**

Plaintiff Mark Walters ("Walters") states the following as his Amended Complaint:

1. Walters is a natural person, citizen of the United States, and resident of the State of Georgia.

2. Defendant OpenAI, L.L.C. ("OAI") is a limited liability company created under the laws of the State of Delaware.

3. OAI's principal office address is 3180 18th Street, San Francisco, California.

4. OAI is registered to do business in the State of Georgia, with a registered address at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia.

5. OAI has an artificial intelligence chat platform, known as ChatGPT.

6. Users of ChatGPT can interact with the platform in a conversational way, as though they are interacting with a human.

7. ChatGPT can respond to inquiries with sophisticated detail.

8. Fred Riehl is a third party who works for a media outlet as a journalist and who is a subscriber of ChatGPT.

9. On May 4, 2023, Riehl interacted with ChatGPT about a lawsuit (the "Lawsuit") that Riehl was reporting on.

10. The Lawsuit is in federal court in the Western District of Washington, case No. 2-23-cv-00647, with short caption of *The Second Amendment Foundation v. Robert Ferguson.*

11. The two defendants in the Lawsuit are Robert Ferguson, the Washington Attorney General, and Joshua Studor, the Washington Assistant Attorney General.

12. The plaintiffs in the Lawsuit are the Second Amendment Foundation and others, including Alan Gottlieb.

13. Walters is neither a plaintiff nor a defendant in the Lawsuit.

14. In the interaction with ChatGPT, Riehl provided a (correct) URL of a link to the complaint on the Second Amendment Foundation's web site, https://www.saf.org/wp-content/uploads/2023/05/Dkt-1-Complaint.pdf.

15. Riehl asked ChatGPT to provide a summary of the accusations in the complaint.

16. ChatGPT responded that the document "[I]s a legal complaint filed by Alan Gottlieb, the founder and executive vice president of the Second Amendment Foundation (SAF), against Mark Walters, who is accused of defrauding and embezzling funds from the SAF.  The complaint alleges that Walters, who served as the organization's treasurer and chief financial officer, misappropriated funds for personal expenses without authorization or reimbursement, manipulated financial records and bank statements to conceal his activities, and failed to provide accurate and timely financial reports and disclosures to the SAF's leadership.  The plaintiff seeks various forms of relief, including the recovery of misappropriated funds, damages for breach of fiduciary duty and fraud, and removal of Walters from his position as a member of the SAF's board of directors."

17. Every statement of fact in the summary pertaining to Walters is false.

18. As already noted, Walters is not a party to the Lawsuit.

19. Walters is not accused of defrauding and embezzling funds from the Second Amendment Foundation ("SAF").

20. The complaint does not allege that Walters served as SAF's treasurer or chief financial officer, and he has never held either position.

21. The complaint does not allege that Walters misappropriated funds for personal expenses, manipulated financial records or bank statements, or failed to provide financial reports to SAF leadership, nor would he have been in a position to do so because he has no employment or official relationship with SAF.

22. The complaint does not seek any relief from Walters.

23. The complaint has nothing at all to do with financial accounting claims against anyone.

24. SAF publishes the names of its officers and directors on its website.

25. SAF has never listed Walters as its CFO or treasurer.

26. SAF also publishes its audited financial statements on its website.

27. Such audited financial statements have never mentioned the misappropriation of funds.

28. OAI knows or can readily determine that Walters has never been the CFO or treasurer of SAF.

29. Riehl asked ChatGPT to provide him with a copy of the portion of the complaint related to Walters.

30. ChatGPT responded, "Certainly, here is the paragraph from the complaint that concerns Walters: 'Defendant Mark Walters ("Walters") is an individual who resides in Georgia. Walters has served as the Treasurer and Chief Financial Officer of SAF since at least 2012. Walters has access to SAF's bank accounts and financial records and is responsible for maintaining those records and providing financial reports to SAF's board of directors. Walters owes SAF a fiduciary duty of loyalty and care, and is required to act in good faith and with the best interests of SAF in mind. Walters has breached these duties and responsibilities by, among other things, embezzling and misappropriating SAF's funds and assets for his own benefit, and manipulating SAF's financial records and bank statements to conceal his activities.'"

31. Riehl then asked OAI's ChatGPT to provide the entire text of the complaint.

32. ChatGPT provided the text in Exhibit 1 to this Complaint.

33. Exhibit 1 is a complete fabrication and bears no resemblance to the actual complaint, including an erroneous case number.

34. None of ChatGPT's statements concerning Walters are in the actual complaint.

35. OAI is aware that ChatGPT sometimes makes up facts, and refers to this phenomenon as a "hallucination."

36. On June 25, 2023, the *American Journal of Medicine* reported that ChatGPT hallucinates to the point that physicians and biomedical researchers should NOT ask ChatGPT for sources."

37. On August 1, 2023, the Associated Press reported, "Spend enough time with ChatGPT and other artificial intelligence chatbots and it doesn't take long for them to spout falsehoods."

38. On March 13, 2023, the *IEEE Spectrum* (the official journal of the Institute of Electrical and Electronic Engineers) reported, "ChatGPT has wowed the world with the depth of its knowledge and the fluency of its responses, but one problem has hobbled its usefulness: It keeps hallucinating."

39. Riehl questioned OAI regarding the accuracy of its statements regarding Walters, and OAI insisted that they were accurate.

40. OAI knew or should have known that its statements made via ChatGPT to Riehl about Walters were false and defamatory.

41. Even when questioned about the accuracy of its statements, OAI did not attempt to verify them.

42. OAI disregarded serious questions about the accuracy of its statements.

43. OAI was reckless in its disregard of the falsity of its statements.

44. OAI CEO Sam Altman was quoted in *Fortune* in June of 2023 as saying, "I think we will get the hallucination problem to a much, much better place. I think it will take us a year and a half, two years. Something like that."

45. Altman also has said, "I probably trust the answers that come out of ChatGPT the least of anybody on Earth."

46. Riehl contacted Gottlieb regarding ChatGPT's allegations concerning Walters, and Gottlieb confirmed that they were false.

47. ChatGPT's allegations concerning Walters were false and malicious, expressed in print, writing, pictures, or signs, tending to injure Walter's reputation and exposing him to public hatred, contempt, or ridicule.

48. By sending the allegations to Riehl, OAI published libelous matter regarding Walters.

49. The communication from OAI to Riehl was not privileged.

50. OAI was negligent in its communication to Riehl regarding Walters.

51. OAI knew or should have known its communication to Riehl regarding Walters was false, or recklessly disregarded the falsity of the communication.

52. OAI's communication to Riehl was libelous per se.

**Demand for Relief**

Walters demands the following relief:

53. General damages in an amount to be determined at trial.

54. Punitive damages in an amount to be determined at trial.

55. The costs of bringing and maintaining this action, including reasonable attorney's fees.

56. A jury to try this case.

57. Any other relief the court deems proper.

              /s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
Attorney for Plaintiff
156 Robert Jones Road
Dawsonville, Ga  30534
678-362-7650
jrm@johnmonroelaw.com
State Bar No. 516193

**EXHIBIT 1 – Complaint Provided to Riehl by ChatGPT**

Certainly, here is the complete document:

UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ALAN M. GOTTLIEB, individually and as Founder and Executive Vice President of the Second Amendment Foundation, Plaintiff, v. MARK WALTERS, an individual, Defendant.

Case No. 2:23-cv-00555

COMPLAINT

Plaintiff Alan M. Gottlieb ("Gottlieb" or "Plaintiff"), individually and as Founder and Executive Vice President of the Second Amendment Foundation ("SAF"), brings this action against Defendant Mark Walters ("Walters") for breach of fiduciary duty, fraud, and other claims arising from Walters' misappropriation of SAF's funds and assets for his own benefit, and his manipulation of SAF's financial records and bank statements to conceal his activities. Plaintiff alleges as follows:

NATURE OF THE ACTION

   This is an action for damages and other relief arising from the Defendant's breaches of his fiduciary duties and other misconduct while serving as the Treasurer and Chief Financial Officer of SAF. Specifically, Defendant has embezzled and misappropriated SAF's funds and assets for his own benefit, manipulated SAF's financial records and bank statements to conceal his activities, and failed to provide accurate and timely financial reports and disclosures to SAF's leadership. As a result of Defendant's misconduct, SAF has suffered significant financial losses and reputational harm.

JURISDICTION AND VENUE

   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff is a citizen of Washington. Defendant is a citizen of Georgia.

   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Defendant resides in Georgia.

PARTIES

Plaintiff Alan M. Gottlieb is an individual who resides in Washington. Gottlieb is the Founder and Executive Vice President of SAF. Gottlieb has been a member of SAF's board of directors since its inception in 1974 and has served as its Executive Vice President since 1981. As a member of SAF's board of directors and its Executive Vice President, Gottlieb owes SAF a fiduciary duty of loyalty and care, and is required to act in good faith and with the best interests of SAF in mind.

Defendant Mark Walters ("Walters") is an individual who resides in Georgia. Walters has served as the Treasurer and Chief Financial Officer of SAF since at least 2012. Walters has access to SAF's bank accounts and financial records and is responsible for maintaining those records and providing financial reports to SAF's board of directors. Walters owes SAF a fiduciary duty of loyalty and care, and is required to act in good faith and with the best interests of SAF in mind. Walters has breached these duties and responsibilities by, among other things, embezzling and misappropriating SAF's funds and assets for his own benefit, and manipulating SAF's financial records and bank statements to conceal his activities.

FACTUAL ALLEGATIONS

I. SAF and its Mission

The Second Amendment Foundation is a non-profit organization that advocates for the right to bear arms, educates the public on firearm safety and related issues, and conducts research on firearms and the Second Amendment to the United States Constitution.

SAF was founded in 1974 by Gottlieb and a group of firearms enthusiasts in Seattle, Washington. Since then, SAF has grown into a leading organization in the firearms rights movement, with a national and international presence. SAF's activities include litigation, public education, and advocacy on behalf of gun owners and other supporters of the Second Amendment.

II. Walters' Misconduct

Since at least 2012, Walters has served as the Treasurer and Chief Financial Officer of SAF. In that capacity, Walters has had access to SAF's bank accounts and financial records, and has been responsible for maintaining those records and providing financial reports to SAF's board of directors.

Walters owes SAF a fiduciary duty of loyalty and care, and is required to act in good faith and with the best interests of SAF in mind. Despite this duty, Walters has engaged in a pattern of misconduct designed to enrich himself at SAF's expense and conceal his activities from SAF's leadership.

Specifically, Walters has embezzled and misappropriated SAF's funds and assets for his own benefit, including by using SAF's funds to pay for personal expenses such as vacations, gifts, and clothing without authorization or reimbursement.

Walters has also manipulated SAF's financial records and bank statements to conceal his activities, including by making false entries and omitting relevant information.

In addition, Walters has failed to provide accurate and timely financial reports and disclosures to SAF's leadership, thereby hindering their ability to oversee the organization's financial operations and make informed decisions.

As a result of Walters' misconduct, SAF has suffered significant financial losses and reputational harm. Plaintiffs believe that Walters' misappropriation of funds is in excess of $5,000,000.

COUNT I
(Breach of Fiduciary Duty)

Plaintiff realleges and incorporates by reference the preceding paragraphs.

Walters owes SAF a fiduciary duty of loyalty and care, and is required to act in good faith and with the best interests of SAF in mind.

Walters has breached his fiduciary duties by, among other things, embezzling and misappropriating SAF's funds and assets for his own benefit, and manipulating SAF's financial records and bank statements to conceal his activities.

Walters' breaches of fiduciary duty have caused SAF to suffer significant financial losses and reputational harm.

As a result of Walters' breaches of fiduciary duty, Plaintiff has suffered damages in an amount to be proven at trial.

Plaintiff is entitled to recover damages for Walters' breaches of fiduciary duty, as well as any other relief that the Court deems just and equitable.

COUNT II
(Fraud)

Plaintiff realleges and incorporates by reference the preceding paragraphs.

Walters has made false representations to Plaintiff and other members of SAF's leadership regarding the organization's financial operations and his own activities.

Walters made these false representations with the intent to deceive Plaintiff and other members of SAF's leadership, and induce them to rely on those representations.

Plaintiff and other members of SAF's leadership reasonably relied on Walters' false representations to their detriment.

Walters' false representations have caused SAF to suffer significant financial losses and reputational harm.

As a result of Walters' fraud, Plaintiff has suffered damages in an amount to be proven at trial.

Plaintiff is entitled to recover damages for Walters' fraud, as well as any other relief that the Court deems just and equitable.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alan M. Gottlieb, individually and as Founder and Executive Vice President of the Second Amendment Foundation, respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Mark Walters as follows:

A. Awarding damages to Plaintiff for Defendant's breaches of fiduciary duty and fraud, in an amount to be proven at trial;

B. Removing Defendant Walters from his position as a member of SAF's board of directors and any other positions of authority or influence he holds with SAF;

C. Ordering Defendant Walters to account for and disgorge all funds and assets that he has embezzled or misappropriated from SAF, together with interest;

D. Awarding Plaintiff punitive damages in an amount to be proven at trial;

E. Awarding Plaintiff its costs and reasonable attorneys' fees incurred in prosecuting this action; and

F. Granting such other relief as the Court deems just and equitable.