IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK WALTERS,  )  | |
|     Plaintiff,  )  | |
| )  | |
| v.  )  | No. 1:23-CV-03122-MLB |
| )  | |
| OPENAI, L.L.C.,  )  | |
| )  | |
|     Defendant.  )  | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c).

Plaintiff moves for an award of costs and attorney's fees upon the remand of this case to state court. As grounds for this Motion, Plaintiff shows the Court as follows:

**Introduction**

Plaintiff commenced this action for defamation in the Superior Court of Gwinnett County, Georgia on June 5, 2023. Doc. 1, p. 1. Defendant was served with the summons and complaint on June 14, 2023. Doc. 1, p. 2. On July 14, 2023, Defendant filed a Notice of Removal to this Court pursuant to 28 U.S.C. § 1446(a) based on an allegation of diversity of citizenship. Doc. 1, p. 1. The Notice did not list the members of Defendant, which is a limited liability company. On July 17, 2023, Plaintiff's counsel emailed Defendant's counsel, pointing out that

1

the removal documents contained insufficient information from which a determination of diversity could be made.  Declaration of John Monroe, ¶ 3.

On July 21, 2023, Defendant filed a "Notice of Member Citizenship," in which it purported to identify its own member, but not the members of its constituent entity.  Doc. 11.  Also on July 21, 2023, Defendant filed a motion to dismiss, its only response to date it has filed to the Complaint.  Doc. 12.  The Brief in support of the motion to dismiss contained 32 pages and was accompanied by 11 exhibits.  Docs. 12-1 through 12-12.

On August 7, 2023, the Court entered a text-only order finding that Defendant had not shown diversity of citizenship and directing Defendant to show cause by August 21, 2023 why the case should not be remanded.  The Court also ordered Plaintiff to respond to Defendant's showing.  On August 21, 2023, Defendant filed a response to the Court's order.  Doc. 22.  While the response contained additional information, it did not list all the members of all the constituent entities of Defendant's direct members.  *Id.*  The same day, Plaintiff filed a response, observing that Defendant did not list all the members of the constituent entities and questioning whether there are more members than had been disclosed (Defendant claimed that Microsoft Corporation is an "owner" but not a "member," without explaining the distinction for a limited liability company).

Doc. 23.  Plaintiff therefore concluded that Defendant had failed to carry its burden of proving diversity of citizenship.  *Id.*

On September 22, 2023, the Court entered another text-only order, finding that Defendant still had not proven diversity of citizenship and giving Defendant "one last time" until October 6, 2023 to do so or the case would be remanded for lack of subject matter jurisdiction.  On October 6, 2023, Defendant indicated it would not be proving diversity of citizenship and withdrew its notice of removal.  Doc. 33.

**<u>Argument</u>**

1. <u>Determination of Diversity of Citizenship</u>

A party removing a case to federal court based on diversity of citizenship bears the burden of pleading citizenship and, if jurisdiction is challenged, bears the burden of proving it.  *Rolling Green MHP v. Comcast Sch. Holdings,* 374 F.3d 1020. 1022 (11th Cir. 2004). "To sufficiently allege the citizenships … a party must list the citizenships of all the members of the limited liability company …." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004).  Merely listing the principal place of business and the state where the entity was formed is insufficient.  *Pro Care Emergency Med. Svcs., LLC v. Compass Pointe Health Care Sys.,* No. 1:15-CV-2944-WSD (N.D.Ga.

November 18, 2015) ("A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has [its] principal office").

> When determining the citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC. The simplest misstep has the potential to derail years of litigation and result in massive financial sanctions….

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.2d 1218, 1220 (11th Cir. 2017).

Thus, at the time of filing the removal notice, Defendant objectively knew, or should have known, that merely alleging the states of organization and its principal place of business were insufficient, even irrelevant. Defendant was obligated to list its members, and constituent entity members, with its removal notice. It did not do so. Instead, it merely stated that it was organized under the laws of the State of Delaware and had its principal place of business in California. Doc. 1, p. 3.

When Plaintiff brought the deficiency to Defendant's attention, Defendant filed some, but still not enough, information. When the Court brought the

deficiency to Defendant's attention, Defendant still failed to list constituent members. After Plaintiff pointed out the (second) deficiency, Defendant's counsel called Plaintiff's counsel and said he thought the case was going to be remanded. Declaration of John Monroe, ¶ 4. His prediction came true because Defendant now has indicated it will not make further attempts to show diversity of citizenship.

2. <u>Statutory Basis for Fee Awards</u>

28 U.S.C. § 1447(c) provides, in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Remanding for lack of subject matter jurisdiction is mandatory. *United States v. Meister,* 744 F.3d 1236, FN 3 (11th Cir. 2013) (use of the word "shall" is mandatory and use of the word "may" is permissive). Awarding fees under § 1447(c) is discretionary.

Awards of fees under § 1447(c) is guided by *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 126 S.Ct. 707, 163 L.Ed. 2d 547 (2005). In *Martin,* the Court undertook "to determine the proper standard for awarding attorney's fees when remanding a case to state court." 546 U.S. at 134. The Court emphasized that "The fact that an award of fees under § 1447(c) is left to the district court's

discretion … does not mean that no legal standard governs that discretion". 546 U.S. at 139. "Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike." *Id.*

The Court observed, "Congress thought fee shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." 546 U.S. at 140. The Court ultimately concluded, "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. at 141. While the Court did not give an exhaustive list of "unusual circumstances," one example it gave was "a failure to disclose facts necessary to determine jurisdiction."

Applying the foregoing principles to the present case, it is impossible to know for certain whether Defendant had an objectively reasonable basis for seeking removal. Defendant had four opportunities to show its objectively reasonable basis (once when filing the removal originally, once after Plaintiff pointed out the deficiency to Defendant, and once each after the two Court orders).

Defendant failed to do so at each opportunity. Defendant's failure to do so supports either a valid inference that an objectively reasonable basis did not exist, or that Defendants actions constitute "unusual circumstances." Either way an award of costs and fees is indicated.

The Congressional objectives are furthered by an award. As the *Martin* Court noted, removal followed by remand caused delay, increases the parties' costs and wastes judicial resources. As for delay, consider where this case would be if there had been no removal. Defendant's response to the initial Complaint was due in state court 30 days after service, or on July 14, 2023. O.C.G.A. § 9-11-12(a). Even if Defendant had filed a motion to dismiss, under Georgia law such a motion has to be decided within 90 days. Even if it is not, only a 90-day extension of the start of discovery is imposed (as opposed to an indefinite extension under federal rules). O.C.G.A. § 9-1-12(j). Thus, discovery in state court would be starting next week ***at the latest.*** As it is, discovery is nowhere in sight. Moreover, Defendant has waited until the last possible moment to do everything in this case. Defendant filed the removal notice on the last day to do so. Defendant filed the motion to dismiss on the last day to do so. Defendant filed a response to the first order to show cause on the last day to do so. And, Defendant filed a notice that it would

not prove diversity on the last day to do so, even though Defendant had apparently determined sooner that it would not do so.

In addition, Plaintiff has had significantly increased costs on account of the removal. His counsel had to arrange, prepare for, and attend the early planning conference and participate in the drafting of the Joint Discovery Plan [Doc. 27]. His counsel had to sift through and respond to a very lengthy motion to dismiss. This was especially burdensome because of the stark differences between the notice pleading requirements in state court compared to the fact pleading requirements in federal court. *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329 (11th Cir. 2011) ("Indeed, under Georgia's notice pleading standard, 'it is immaterial whether a pleading states conclusions or facts as long as fair notice is given, and the statement of claim is short and plain.'") *Cf Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") Plaintiff therefore had to amend his complaint to address issues raised by Defendant in Defendant's motion to dismiss, solely because the case had been removed to federal court with a different (more rigorous) pleading requirement. Plaintiff also had to draft and serve initial disclosures, something not present in state court cases.

Finally, the removal has unnecessarily consumed judicial resources. Over 40 documents have been filed in the case, all requiring review by the Court (and Plaintiff) and in some cases, responses or other actions. Defendant has appeared by six counsel, five of which have had to be admitted *pro hac vice*. The Court has entered at least 8 document orders and two text-only orders.

3. Calculation of Fee Award

Having shown that a fee award is legally supported and furthers Congress's "large objectives," Plaintiff will show the appropriate amount of an award. The starting point for determining the amount of reasonable fees is the "lodestar" amount – the hourly fee multiplied by the number of hours spent. *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348 (11th Cir. 2008). The lodestar amount applies to § 1147(c) awards. *Bujanowski v. Kocontes,* No. 09-12840 (11th Cir. Dec. 30, 2009).

The Court is itself an expert on the question of the reasonableness of fees and may consider its own knowledge and experience concerning reasonable and proper fees and form an independent judgment either with or without the aid of witnesses as to the reasonableness of a fee request. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.,* 572 F.Appx. 796, 802 (11th Cir. 2014).

In the present case, Plaintiff's counsel spent 21 hours on this case after removal, with such time being necessitated by the removal. Declaration of John Monroe, ¶ 5. This amount of time was reasonable. *Id.,* ¶ 6. Counsel's hourly rate is $400, an amount that also is reasonable. *Id.,* ¶¶ 8, 10. It is the amount he regularly charges clients for civil litigation. *Id.,* ¶ 9. Counsel has over 30 years of experience practicing law, including extensive litigation in trial and appellate courts at the state and federal level. *Id.,* ¶¶ 7, 11. In September of 2023, Counsel settled a fee award with an opposing counsel in Oglethorpe County, Georgia at a rate of $400 per hour. *Id.,* ¶ 12. As recently as March of this year, counsel's hourly rate of $400 was found to be reasonable by the Circuit Court of Brown County, Wisconsin and awarded fees based on that rate. *Id.,* ¶ 13.

## Conclusion

The lodestar amount based on the hours worked and the hourly rate is $8,400. Plaintiff is not claiming any costs or other expenses associated with the removal, so Plaintiff is seeking a total cost and fee award of $8,400.

/s/ John R. Monroe
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
State Bar No. 516193
678-362-7650
jrm@johnmonroelaw.com
Attorneys for Plaintiff

I certify that this brief was prepared using a font and size as required by local rules.

/s/ John R. Monroe