THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARK WALTERS      )
                  )
    Plaintiff,    )
                  )
v.                )       Civil Action No. 1:23-cv-03122-MLB
                  )
OpenAI, L.L.C.,   )
                  )
    Defendant.    )
                  )

**DEFENDANT OPENAI'S OPPOSITION TO
PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES**

Defendant OpenAI, L.L.C., ("OpenAI") respectfully submits this Opposition to Plaintiff Mark Walters' ("Plaintiff") Motion for Costs and Attorney's Fees Pursuant to 28 U.S.C. 1447(c) ("Motion").

## I.  INTRODUCTION

Plaintiff's Motion should be denied for several reasons, chief among them that OpenAI had an objectively reasonable basis to remove this action to this Court pursuant to 28 U.S.C. § 1441.  While OpenAI chose to withdraw its motion to remand because it was not in a position to make further disclosures publicly naming all of the individual identities of its members, including individual employees and investors, OpenAI reasonably believed—and still believes—that complete diversity exists here.  Further, Plaintiff's Motion misrepresents communications between

1

counsel for Plaintiff and counsel for OpenAI,[1] and improperly asks this Court to assume that OpenAI acted in bad faith simply because the Court found OpenAI's proffered information insufficient. But the law is clear that an unsuccessful removal attempt, without more, does not warrant fee-shifting. Under these circumstances, the law does not support an award of attorneys' fees and costs. For these reasons, and as set forth more fully below, Plaintiff's Motion should be denied.

## II.   RELEVANT FACTUAL BACKGROUND

On July 14, 2023, OpenAI exercised its statutory right to remove this action to federal court on the basis of diversity of citizenship. *See* Dkt. 1. On July 21, 2023, in support of its notice of removal, OpenAI filed a Notice of Member Citizenship identifying its sole member and stating that "none of [its] members or constituent entities are citizens of Georgia," *see* Dkt. 11. Subsequently, this Court entered an Order to Show Cause directing OpenAI to proffer further information to support a finding of complete diversity between the parties. *See* Aug. 7, 2023 Dkt. Order. In response. OpenAI timely filed a Response to Order to Show Cause providing the states of citizenship of its members, including the members of its

---

[1] In contrast to Plaintiff's assertion that counsel for OpenAI "thought the case was going to be remanded" (Motion at 5), on September 7, 2023, undersigned counsel for OpenAI emailed Plaintiff's counsel following their conversation explicitly stating: "**Like I said, I don't know what [Judge Brown] is going to do**, but I do appreciate your agreement to give us time to finalize our state court response."

constituent LLCs.  *See* Dkt. 22 at 4–5.  Plaintiff does not and cannot contest the accuracy of these filings.

Thereafter, on September 22, 2023, the Court entered an order directing OpenAI to "affirmatively identify by name each member of an LLC and then allege whatever specific facts are necessary to establish the citizenship of that member" for the purpose of establishing subject matter jurisdiction.  As set forth in OpenAI's Response to Order Dated September 22, 2023, OpenAI believes that complete diversity jurisdiction exists because none of its members at any level is a citizen of Georgia.  *See* Dkt. 22.  As explained in its Response to Order to Show Cause, OpenAI's corporate structure (as of the time of this case's removal) included a constituent LLC, Aestas Management LLC, with members from a variety of states (but not Georgia).  Those members also included individual employees of OpenAI (both past and present) and individual investors.  To protect the privacy of those non-party individuals from being named in a public document, OpenAI has respectfully withdrawn its notice of removal and accepted a return to state court.  *See* Dkt. 33.

### III. PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND COSTS SHOULD BE DENIED

"Absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 132 (2005). In exercising its discretion to award fees, "the court must balance between deterring 'removals

3

sought for the purpose of prolonging litigation and imposing costs on the opposing party' and safeguarding a defendant's statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Saville v. Lonesource, Inc.,* No. 1:11-CV-4398-TCB, 2012 WL 13015092, at *4 (N.D. Ga. Feb. 9, 2012) (quoting *Martin*, 546 U.S. at 140). "The mere fact that a case is remanded does not create a presumption in favor of awarding fees." *Sitton v. Jones, Martin, Parris & Tessener Law Offices, PLLC*, 2010 WL 5476785, *4 (N.D. Ga. Dec. 30, 2010).

    **a. OpenAI Had an Objectively Reasonable Basis for Removal.**

The United States Supreme Court has instructed that "when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. OpenAI removed this case based on its correct understanding that OpenAI is not a citizen of Georgia and, as such, there exists complete diversity between OpenAI and Plaintiff, a Georgia citizen. *See* Dkt. 1 at 3; *see also* Declaration of Kathy Son, at ¶ 3, attached as **Exhibit A**. OpenAI subsequently provided additional detail in response to the Court's order directing OpenAI to disclose further information regarding the citizenship of its members, again accurately representing that none of OpenAI's members or constituents are citizens of Georgia. *See* Dkt. 22 at 4–5. OpenAI made a level of disclosure consistent with a recent exemplar from this Court that retained federal jurisdiction, balancing the right to federal jurisdiction with the rights of those not party to this litigation. *See Mahoney v. Brand 44 Trading,*

4

*LLC et al.*, No. 22-cv-1280 (N.D. Ga. Oct. 3, 2023) (holding that Plaintiff had "met her burden to show complete diversity jurisdiction" where the plaintiff's amended complaint alleged the defendant "is a Colorado LLC whose members are all citizens and domiciliary of Colorado").

A removing defendant does not lack a reasonable basis simply because their removal is unsuccessful. *See Gallant v. CMGRP, Inc.*, 2017 WL 7692422, *1 (N.D. Ga. Apr. 7, 2017) ("Although Defendants' removal to this Court was erroneous, the Court cannot conclude that it lacked an objectively reasonable basis…."); *see also Gilham v. Farmers Insurance Exchange,* No. 1:20-CV-0039-LMM, 2020 WL 5809964, *1 (N.D. Ga. Mar. 17, 2020) (declining to award attorneys' fees in the absence of a finding that the removing defendant removed the case "for the purpose of prolonging litigation"); *Wilson v. Benyon Sports Surfaces, Inc.*, No. 1:11-CV-2002-RWS, 2011 WL 6014666, *3–4 (N.D. Ga. Dec. 1, 2011) (declining to award fees on remand where a defendant "made a good-faith attempt to remove the case and filed evidence to that end.").

Indeed, courts in this District have declined to award attorneys' fees even where removing defendants relied on entirely *incorrect* information in seeking removal, which was not the case here. For example, in *Rolfe v. CVS Pharmacy, Inc.*, the removing defendant mistakenly believed that diversity existed based on the plaintiff's citizenship and provided the Court with an affidavit to that effect. *Rolfe*

5

*v. CVS Pharmacy, Inc.*, No. 1:14-CV-01913-ELR, 2015 WL 12860556, *5 (N.D. Ga. Apr. 27, 2015). While the court "ultimately rejected Defendants' arguments regarding complete diversity" and remanded the case, the court declined to award attorneys' fees and costs. *Id.*

### b. No Other Circumstances Justify Fee-Shifting.

Despite OpenAI's objectively reasonable basis for removal, Plaintiff argues that "Defendants actions constitute 'unusual circumstances.'" Motion at 7. But Plaintiff does not provide any support for this conclusion.

As explained above, the law is clear that an unsuccessful removal alone does not warrant fee-shifting. *See Sitton*, 2010 WL 5476785 at *1; *Saville*, 2012 WL 13015092 at *3–4 (denying request for attorneys' fees where removing defendant "failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.").

Here, Plaintiff has not alleged that any of OpenAI's statements to the Court regarding its citizenship or its members' citizenship were untruthful, nor can he credibly allege that they were designed to cause delay or for any other improper purpose. Critically, Plaintiff does not even dispute that OpenAI is not a citizen of Georgia. This fact pattern stands in sharp contrast to the limited cases where courts have found "unusual circumstances" warranting fee shifting. For example, where the defendants' "notice of removal *intentionally misrepresented their citizenship to*

the Court." *See Priority Payment Sys., LLC v. Connect Merch. Payment Servs., LLC*, No. 1:16-CV-1163-SCJ, 2017 WL 10410662, at *1–2 (N.D. Ga. June 12, 2017) (emphasis in original).

Plaintiff makes much of the fact that OpenAI filed its notice of removal and responded to the Court's orders "on the last day to do so," Motion at 7–8, but all that shows is that OpenAI complied with the deadlines set forth in the Federal Rules of Civil Procedure and the orders of this Court. Plaintiff's other arguments about the delay caused by removal are equally unavailing. *See* Motion at 8–9. This case is still at the pleading stage, and while it may be true that federal practice requires certain steps that state courts do not (for example, serving initial disclosures), Plaintiff ignores that this would be the case in almost *every* remand in this District and, as explained above, fee-shifting is the exception, not the rule.

Moreover, Plaintiff's request for fees is not well taken under his own conduct. First, Plaintiff never objected to federal jurisdiction nor filed any motion to remand, which he could have done prior to responding to OpenAI's motion to dismiss or amending his complaint. *See Gilham*, 2020 WL 5809964 at *1 (declining to award fees in part because "Plaintiffs did not object to jurisdiction at any point, nor did they file a motion to remand."). Second, Plaintiff has supported his request for fees with a statement attributed to opposing Counsel that is quickly disproved by the written correspondence between them.

7

For all of these reasons, nothing in Plaintiff's Motion warrants an award of attorneys' fees and costs.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for an award of attorney's fees and costs should be denied.

October 20, 2023

Respectfully submitted,

By: */s/ Brendan Krasinski*
Brendan Krasinski
Georgia Bar No. 159089
DLA Piper LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
Tel.: (404) 736-7861
Fax: (404) 682-7831
brendan.krasinski@us.dlapiper.com

Danny Tobey, *pro hac vice*
1900 N. Pearl St., Suite 2200
Dallas, TX 75201
Tel.: (214) 743-4500
Fax: (214) 743-4545
danny.tobey@us.dlapiper.com

Ashley Allen Carr, *pro hac vice*
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel.: (512) 457-7000
Fax: (512) 457-7001
ashley.carr@us.dlapiper.com

Ilana H. Eisenstein, *pro hac vice*
Marie Bussey-Garza, *pro hac vice*
One Liberty Place
1650 Market Street, Suite 5000

                    Philadelphia, PA 19103
                    Tel.: (215) 656-3300
                    Fax: (215) 656-3301
                    ilana.eisenstein@us.dlapiper.com
                    marie.bussey-garza@us.dlapiper.com

                    Peter Karanjia, *pro hac vice*
                    500 Eighth Street, NW
                    Washington, DC 20004
                    Tel.: (202) 799-4000
                    Fax: (202) 799-5000
                    peter.karanjia@us.dlapiper.com

                    *Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

Per Local Rule 7.1(D), I hereby certify that the foregoing Opposition to Plaintiff's Motion for Costs and Attorneys' Fees was prepared in Times New Roman, 14-point font in accordance with Local Rule 5.1(C).

Dated: October 20, 2023

                    By: */s/ Brendan Krasinski*
                        Brendan Krasinski

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of October 2023, I electronically filed the foregoing OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to all attorneys of record.

Dated: October 20, 2023

By: <i>/s/ Brendan Krasinski</i><br>
Brendan Krasinski