IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARK WALTERS, )<br>            Plaintiff, )<br>                                    )<br>        v.                          )         No. 1:23-CV-03122-MLB<br>                                    )<br>OPENAI, L.L.C.,                     )<br>                                    )<br>            Defendant.              ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR COSTS AND ATTORNEY'S FEES PURSUANT TO 28 U.S.C. § 1447(c).

On October 6, 2023, Plaintiff moved for an award of costs and attorney's fees upon the remand of this case to state court.  Doc. 34.  On October 20, 2023, Defendant filed a brief in opposition.  Doc. 37.  Plaintiff files the present brief in reply.

## Introduction

Defendant relies repeatedly on its mistaken conclusion that the basis for Plaintiff's Motion is that the removal was ultimately unsuccessful.  Doc. 37, pp. 2, 5, and 7.  If Defendant's removal had *merely* been unsuccessful, Plaintiff would not have filed a motion for fees.  What Defendant overlooks, however, is that it has become apparent that Defendant knew from the outset that it could not meet this Circuit's requirements for establishing diversity of citizenship.

1

**Argument**

1. <u>Plaintiff Questioned Defendant's (Non-)Showing of Diversity</u>

Defendant complains that Plaintiff never objected to the existence of diversity, but this is not correct. The next business day after Defendant filed its notice of removal, Plaintiff contacted Defendant and said Defendant's showing of diversity was insufficient. Doc. 34-2, ¶ 3. Then, when Defendant responded to this Court's first text-only order to try again to demonstrate diversity, Plaintiff replied the same day that Defendant still had not met its obligation. Doc. 23.

2. <u>Defendant Knew It Would Not Identify Its Members</u>

When Defendant withdrew its notice of removal, it said ambiguously, "OpenAI is not in a position to provide further information beyond its prior filings." Doc. 33, p. 1. It was not possible to know from this whether Defendant could not demonstrate diversity or if Defendant would not do so (i.e., whether it did not have access to the necessary information or whether it had it but refused to divulge it). Defendant now has somewhat clarified its position, saying it "was not in a position to make further disclosures publicly naming all of the individual identities of its members, including individual employees and investors…." Doc. 37, p. 1. The implication is that Defendant does indeed have the required information, but it just refuses to disclose it.

3. <u>Defendant Knew the Disclosure Requirements When It Filed the Notice of Removal</u>

The requirements for removal by diversity of citizenship are well known. A party removing a case to federal court based on diversity of citizenship bears the burden of pleading citizenship and, if jurisdiction is challenged, bears the burden of proving it. *Rolling Green MHP v. Comcast Sch. Holdings,* 374 F.3d 1020. 1022 (11th Cir. 2004). "To sufficiently allege the citizenships … a party must list the citizenships of all the members of the limited liability company …." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021-22 (11th Cir. 2004). Merely listing the principal place of business and the state where the entity was formed is insufficient. *Pro Care Emergency Med. Svcs., LLC v. Compass Pointe Health Care Sys.,* No. 1:15-CV-2944-WSD (N.D.Ga. November 18, 2015) ("A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has [its] principal office").

> When determining the citizenship of the parties for diversity jurisdiction purposes, a limited liability company (LLC) is a citizen of every state that any member is a citizen. And it is common for an LLC to be a member of another LLC. Consequently, citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC. The

simplest misstep has the potential to derail years of litigation and result in massive financial sanctions….

*Purchasing Power, LLC v. Bluestem Brands, Inc.,* 851 F.2d 1218, 1220 (11th Cir. 2017).

Thus, at the time of filing the removal notice, Defendant objectively knew, or should have known, that merely alleging the states of organization and its principal place of business were insufficient, even irrelevant. Defendant was obligated to list its members, and constituent entity members, with its removal notice. It did not do so. Instead, it merely stated that it was organized under the laws of the State of Delaware and had its principal place of business in California. Doc. 1, p. 3.

Defendant does not claim it did not know that it would have to disclose the identities of its members in order to prove diversity. Indeed, it should have been clear to Defendant that such disclosure would be required. The best Defendant could argue is that, until diversity was challenged, Defendant had no burden of establishing it. *Rolling Green MHP, supra.* But, Plaintiff challenged diversity immediately after the notice of removal was filed. Thus, Defendant's burden was imposed no later than the first business day after removal.

Defendant could have withdrawn removal at that point, when it was confronted with a burden it could not meet. It did not do so. Instead, it doubled

4

down, crossing its figurative fingers that Plaintiff and the Court would not push the issue. But pushed it was, and only then did Defendant inform the Court that it would not provide the information required by the law of this Circuit to prove diversity. These are the "unusual circumstances" that Plaintiff asserts exist in the present case.

4. <u>Defendant Did Not Object to Counsel's Time or Rate</u>

In Plaintiff's Motion, Plaintiff included counsel's hourly rate and time spent on the case, for the "lodestar" amount. Defendant did not object to counsel's rate, nor to the time counsel has spent on this case. Defendant did not respond at all to the amount of fees requested by Plaintiff.

5. <u>Plaintiff Seeks Additional Fees for Time Spent Since the Original Motion</u>

The present Motion was filed October 6, 2023. Since that time, Defendant has filed another Motion to Dismiss [Doc. 35], Plaintiff has filed a response to that motion [Doc. 36], and Defendant has filed the response to the Motion for fees. Thus, Plaintiff's counsel has had to spend additional time.

Plaintiff's counsel spent 3.1 hours reviewing the motion to dismiss and 2.3 hours drafting and filing a response. Second Declaration of John Monroe, ¶ 3. Counsel spent another 1.4 hours reviewing Defendant's response to his Motion and drafting and filing this reply. *Id.,* ¶ 4. This is a total of 6.8 hours at counsel's

hourly rate of $400, for a total additional lodestar amount $2,720.  When added to the previous fee request of $8,400, this brings the total fee award request to $11,120.

## Conclusion

Defendant has failed to rebut the grounds for an award of attorney's fees in this case, and Plaintiff should be awarded a total amount of $11,120.

_____/s/ John R. Monroe_____
John R. Monroe
John Monroe Law, P.C.
156 Robert Jones Road
Dawsonville, GA  30534
State Bar No. 516193
678-362-7650
jrm@johnmonroelaw.com
Attorneys for Plaintiff

I certify that this brief was prepared using a font and size as required by local rules.

/s/ John R. Monroe