[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-13843

Non-Argument Calendar

_____

MARK WALTERS,

                                                              Plaintiff-Appellant,

*versus*

OPENAI, L.L.C.,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-03122-MLB

_____

Case 1:23-cv-03122-MLB   Document 45   Filed 04/01/24   Page 2 of 3
USCA11 Case: 23-13843   Document: 28-1   Date Filed: 04/01/2024   Page: 2 of 3

2                    Opinion of the Court                    23-13843

Before WILSON, JORDAN, and LUCK, Circuit Judges.

PER CURIAM:

Mark Walters sued OpenAI, L.L.C., in state court for defamation. After OpenAI removed the case to federal court, the district court issued an order requiring OpenAI to show why the case should not be remanded to state court due to lack of diversity. OpenAI responded, but eventually withdrew its notice of removal.

Mr. Walters then filed a motion for costs and fees pursuant to 28 U.S.C. § 1447(c). *See* D.E. 34. In its remand order, the district court denied the motion for fees and costs without explanation. *See* D.E. 39 ("The Court **DENIES** Plaintiff's Motion for Costs and Attorney's Fees.").

We review the denial of fees and costs under § 1447(c) for abuse of discretion. *See Booknight v. Monroe Cty.*, 446 F.3d 1327, 1329 (11th Cir. 2006). In his brief, Mr. Walters argues that we must remand the case to the district court for it to provide some explanation for its denial of fees and costs. *See* Appellant's Br. at 10-11.

We agree. As a general matter, the standard for awarding fees and costs under § 1447(c) "turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). But "[w]ithout any explanation for its denial of a request for fees [and costs], it is impossible for us to discern the correctness of the district court's judgment. It is necessary, therefore, to remand the case to the district court for an explanation[.]." *In re Trinity Industries, Inc.*, 876 F.2d 1485, 1496 (11th Cir. 1989).

| 23-13843 | Opinion of the Court | 3 |

**VACATED and REMANDED.**