# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Mark Walters,

        Plaintiff,

                Case No. 1:23-cv-3122-MLB

v.

OpenAI, L.L.C.,

        Defendant.

_____/

## ORDER

In July 2023, Defendant OpenAI, L.L.C. removed this case to federal court based on diversity jurisdiction.  (Dkt. 1 ¶ 8.)  Defendant claimed the parties were diverse because Plaintiff is domiciled in Georgia, Defendant's members include OpenAI Holdings LLC and Aestas Management Company LLC, and those LLCs have "members"—left unnamed—who are citizens of states other than Georgia.  (Dkts. 1 ¶¶ 8–10; 22 ¶¶ 8, 13–14.)  The Court reviewed these allegations, found them insufficient to establish Defendant's citizenship, and ordered Defendant to "affirmatively identify by name each member of [the] LLC[s]" in Defendant's ownership structure.  (September 22, 2023, Order

by Docket Entry.)  Defendant withdrew its notice of removal in response, citing a desire to "protect the privacy" of its membership entities.  (Dkts. 33; 37 at 3.)  Plaintiff then moved for "attorney fees[] incurred as a result of . . . removal," pursuant to 28 U.S.C. § 1447(c).  (Dkt. 34.)  The Court denied Plaintiff's motion, but Plaintiff appealed and the Eleventh Circuit "remand[ed] the case to the district court . . . to provide some explanation for its denial of fees and costs."  (Dkt. 45 at 2.)  This Order provides the explanation required by the Eleventh Circuit.

Section 1447(c) says "[a]n order remanding [a] case [to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under [this language] only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*

Defendant had a "reasonable basis" to remove this case to federal court because the record suggests diversity jurisdiction may exist here. *See Lost Mountain Homeowners Ass'n, Inc. v. Rice*, 248 F. App'x 114, 115–

16 (11th Cir. 2007) ("a defendant has reasonable grounds to remove a civil action . . . when the district court has [diversity] jurisdiction" over the case).[1]   Plaintiff made a pre-removal settlement demand for $7 million. (Dkts. 22 ¶ 6; 22-1 at 2.)  The complaint alleges Plaintiff is a "resident of the State of Georgia."  (Dkt. 1-1 ¶ 1; *see also* Dkt. 30 ¶ 1.) Defendant has submitted a declaration saying "none of [its] members resides in or is a corporate citizen of the State of Georgia."  (Dkt. 37-1 ¶ 3.)  Plaintiff explicitly admits he is "a citizen of the State of Georgia" and "the amount in controversy exceeds $75,000."  (Dkt. 23 at 2, 4.)  And Plaintiff does not dispute Defendant's assertion that its citizenship lies outside of Georgia.  (*See* Dkts. 23 at 3–4 ("Plaintiff has no independent insight into the layers of ownership of Defendant," "cannot comment on [its] citizenship," and "cannot address whether there may be other persons that . . . ought to be counted as [its] members"); 37 at 6 (Defendant noting "Plaintiff does not even dispute that OpenAI is not a citizen of Georgia.").)  Given the totality of this information, Defendant

---

[1] The Court recognizes that *Lost Mountain* and other unpublished cases cited herein are not binding.  The Court cites them as instructive nonetheless.  *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

could reasonably believe diversity jurisdiction exists because the parties appear to be diverse and the amount in controversy appears to exceed $75,000. *See Berber v. Wells Fargo Bank, N.A.*, 760 F. App'x 684, 687 (11th Cir. 2019) ("Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of the parties.").

Plaintiff counters that "unusual circumstances" require fees here because, at the time of removal, Defendant "knew" it would not disclose the names of several entities in its membership structure and "it should have been clear to Defendant that such disclosure would be required" under "this Circuit's requirements for establishing diversity of citizenship." (Dkt. 38 at 1–5.)  The Court agrees that, to invoke diversity jurisdiction, a removing LLC should disclose the name of each entity in its membership structure.  (That is why the Court previously ordered Defendant to do so.)  But Plaintiff cites no controlling authority that unequivocally conditions a court's jurisdiction on such a disclosure.

For example, Plaintiff cites *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), which held that, to establish the citizenship of an LLC, "a party must list the citizenships of all the members of the [LLC]." (Dkts. 34-1 at 3; 38 at 3.)

4

But listing a member's *citizenship* (which Defendant did here) is different than listing the *name* of that member (which Defendant did not do). So, although *Rolling Greens* clearly requires the former, Defendant could reasonably have believed it does not require the latter.

Plaintiff also quotes the Eleventh Circuit's introduction in *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017), which says an LLC has the citizenship of its members; "it is common for an LLC to be a member of another LLC"; the "citizenship of LLCs often ends up looking like a factor tree that exponentially expands every time a member turns out to be another LLC, thereby restarting the process of identifying the members of that LLC"; and the "simplest misstep has the potential to derail years of litigation." (Dkts. 34-1 at 4; 38 at 3–4.) But nothing in this language explicitly says a court lacks diversity jurisdiction unless a removing LLC identifies by name every entity in its membership structure. So, like *Rolling Greens*, *Purchasing Power* does not establish a clear enough line to warrant sanctions. *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.3 (4th ed. 2023) (sanctions are appropriate "when the non-removability of the action should have been

obvious"); *Probasco v. Wal-Mart Stores Texas, L.L.C.*, 766 F. App'x 34, 37 (5th Cir. 2019) ("A fee award is inappropriate if the removing party could conclude from existing case law that its position was not an unreasonable one.").

The only other case on which Plaintiff relies is *Pro Care Emergency Med. Servs., LLC v. Compass Pointe Health Care Sys.*, 2015 WL 7300525 (N.D. Ga. Nov. 18, 2015).  (Dkts. 34-1 at 3–4; 38 at 3.)  That case construed *Rolling Greens* to require an LLC invoking diversity jurisdiction to "identify the members of the LLC and the citizenship of each member."  *Pro Care*, 2015 WL 7300525, at *2.  But the court never said the removing LLC must identify its members *by name* (as opposed to entity type, for example).  *See, e.g.*, *Multi Grp. of Companies LLC v. Lake Buena Vista Reg'l Ctr. LLC*, 2014 WL 12625774, at *2 (M.D. Fla. Jan. 30, 2014) (requiring an LLC invoking diversity jurisdiction to identify its members "by name or type of entity—e.g., corporation or LLC").  And, even if it did, fees would still be inappropriate because it is not sanctionable to "remove[] a case in the face of adverse district court precedent" (not typically, anyway).  *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021).  What matters is

whether "precedent from [the Eleventh Circuit] or the Supreme Court barred removal." *Id.*; *see Wilson v. Benyon Sports Surfaces, Inc.*, 2011 WL 6014666, at *4 (N.D. Ga. Dec. 1, 2011) (declining to award fees for improper removal under Section 1447(c) because "[t]he Eleventh Circuit has never expressly stated" a rule that barred removal).

Other courts have also held a removing LLC need not disclose the names of all its membership entities in order to establish diversity jurisdiction. In *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021), for example, the Second Circuit rejected the argument that a removing LLC must "specifically identify the names and locations of each individual member of the LLC." *See also Navigator Bus. Servs. LLC v. Chen*, 2023 WL 5956335, at *5 (E.D.N.Y. Sept. 13, 2023) ("[A] limited liability company is not required to specifically identify the names and locations of each individual member of the LLC in order to invoke diversity jurisdiction."). Likewise, this Court recently said a plaintiff "met her burden to show complete diversity jurisdiction" where she alleged only that she was a Georgia citizen and defendant was an "LLC whose members are all citizens and domiciliary of Colorado." *Mahoney v. Brand 44 Trading, LLC*, 1:22-cv-1280-MLB (N.D. Ga.),

ECF No. 23 ¶¶ 1–4; *id.*, October 3, 2022 Order by Docket Entry. The Court is reluctant to sanction Defendant for doing what some courts—including this one—have previously permitted. *See Bauknight v. Monroe Cnty., Fla.*, 446 F.3d 1327, 1331 (11th Cir. 2006) (declining to award fees for improper removal under Section 1447(c) because "district courts outside of this circuit [were] divided" and "a district court case from the Northern District of Georgia discussed the uncertainty"); *In re Syngenta Prod. Liab. Litig.*, 2024 WL 623931, at *12 (S.D. Tex. Jan. 29, 2024) ("Removal is objectively reasonable where a district court split exists, where case law from other circuits supports removal, or where the party seeking removal makes colorable arguments, supported by facts and authority, that an action is removable.").

Finally, Plaintiff's prior conduct in this case undermines his current request for fees. Plaintiff never moved to remand even though this lawsuit was pending for three months before Defendant withdrew its notice of removal; to the contrary, he actively litigated his claims, including by filing an amended complaint. (*See* Dkts. 30; 33.) Once Defendant completed its first round of citizenship filings (Dkts. 1; 11), Plaintiff apparently saw no jurisdictional problem until this Court

flagged the issue.  (*See* Dkts. 22-1 at 3; 34-2 ¶ 3.)  After that, Plaintiff only chimed in when the Court ordered him to do so and, even then, the most he could say was Defendant's filings were "probably" not enough and he "question[ed]" their sufficiency.  (Dkts. 23 at 4; 27 at 7–8.) Plaintiff's uncertainty over the Court's jurisdiction, his failure to seek remand, his failure to address the issue without being ordered to do so, his failure to file an unequivocal and well-supported objection even when he did address the issue, and the degree to which he actively litigated his claims in this Court, all weigh against requiring Defendant to pay Plaintiff's post-removal fees.  *See* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.3 (4th ed. 2023) ("If a Plaintiff bears a substantial share of the responsibility for the case remaining in federal court, a court abuses its discretion by awarding the plaintiff any sums under § 1447(c)." (quoting *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997)); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 752 F. App'x 902, 904–05 (11th Cir. 2018) (plaintiff's "failure to seek remand" was a "proper ground[] for denying [plaintiff's] request for attorney's fees" even though defendant "lacked an objectively reasonable basis for removal").

For all these reasons, and given the totality of the circumstances more generally, the Court **DENIES** Plaintiff's Motion for Costs and Attorney's Fees Pursuant to 28 U.S.C. § 1447(c) (Dkt. 34).[2]

**SO ORDERED** this 28th day of June, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[2] Federal Rule of Civil Procedure 7.1(a)(2)—a newly enacted provision—requires a party in a diversity case to file a "disclosure statement" that "must *name*—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2) (emphasis added). The Court declines to award sanctions based on this provision because the parties say nothing about it in their briefing. But, even considering the provision, the Court would still deny Plaintiff's fee request given his own conduct in this case (as described above) and the record more broadly. The Court also sees a potential distinction between a violation of Rule 7.1(a)(2) (which is not what led to remand) and a failure to establish subject matter jurisdiction (which is what led to remand). Finally, the Court does not believe Defendant removed "for the purpose of prolonging litigation and imposing costs on the opposing party," which further weighs against sanctions here. *Bujanowski v. Kocontes*, 359 F. App'x 112, 113 (11th Cir. 2009); *see Wilson v. Benyon Sports Surfaces, Inc.*, 2011 WL 6014666, at *4 (N.D. Ga. Dec. 1, 2011) (denying fee request where "it appears that the Defendant made a good-faith attempt to remove the case").